IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL<br>JOSE BARAJAS, K66781,<br>    Petitioner<br><br>v.<br><br>EDDIE JONES[1],<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04 C 4079<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Jose Barajas petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Barajas claims his conviction is unconstitutional, arguing that he received ineffective assistance of counsel at varying points in the state proceedings, that the state court erred in refusing to suppress his confession, and that no probable cause existed for his arrest. The Court concludes Barajas is not entitled to any relief under § 2254 and denies his petition.

After a 1998 bench trial, a Circuit Court in Cook County, Illinois, found Barajas guilty of first degree murder and two counts of aggravated battery with a firearm. The state court sentenced Baraas to consecutive terms of 25, 6, and 8 years in prison. (State Ex. D at 1). Barajas appealed his conviction to the Illinois Appellate Court, questioning whether the government met its burden of proof and whether probable cause existed for his arrest. (State Ex. A at 1). The Illinois Appellate Court upheld his conviction, and Barajas failed to pursue his appeal to the Illinois Supreme Court. (State Ex. D at 10; Pet. at 2, 6).

---

[1] Eddie Jones is currently the Warden at the Pontiac Correctional Center, where Barajas is housed, and is thus the proper respondent in this *habeas* action. *See* Rule 2(a) of the Rules Governing *Habeas Corpus* Cases under 28 U.S.C. § 2254. This court hereby substitutes Jones as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

1

Barajas retained private counsel to file a state petition for post-conviction relief. (St. Ex. E at 2-3). In that petition, Barajas argued that the consecutive sentences imposed by the state court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct 2348 (2000), and that trial counsel had been ineffective in failing to call alibi witnesses. (St. Ex. E at 2-3). The state court denied Barajas's post-conviction petition, and after his private counsel and appointed appellate counsel withdrew, the Illinois Appellate Court affirmed. (St. Ex. F). Barajas did not appeal the dismissal of his post-conviction petition. (Pet. at 2, 3). Barajas then filed this *habeas corpus* petition.

To raise a cognizable claim, a § 2254 petition must claim a violation of a right under federal law or the Constituion. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed. 385 (1991). Further, errors of state law generally are not cognizable in *habeas corpus* review. *Id.* In this case, two of Barajas's claims are not cognizable. Barajas claims his post-conviction counsel was ineffective, but prisoners do not have a constitutional right to counsel during collateral proceedings. *Coleman v. Thompson*, 501 U.S. 722, 756-57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); 28 U.S.C. § 2254(i). Accordingly, this claim is not cognizable. Similarly, Barajas's claim that the state lacked probable cause for his arrest also is not cognizable. Although Barajas's claim implicates the Fourth Amendment and he argues the state erred in applying the exclusionary rule, the Supreme Court has held that the exclusionary rule does not provide a basis for collateral relief. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S. Ct. 3037, 3051-53, 49 L.Ed. 2d 1067 (1976); *see also Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005). This claim also is not cognizable.

All of Barajas's claims, including those that are not cognizable, are procedurally defaulted. In order to pursue collateral relief under § 2254, a petitioner must afford state courts one full opportunity to resolve his challenge to his conviction or sentence. *O'Sullivan v. Boerckel*, 526 U.S.

2

838, 842-46, 119 S. Ct. 1728, 144 L.Ed. 2d 1 (1986). To avoid procedural default in Illinois, a petitioner must first appeal to the Illinois Appellate Court and then seek leave to appeal from the Illinois Supreme Court. *Guest v. McCann*, 474 F.3d 926, 929-30 (7th Cir. 2007). In this case, Barajas failed to petition the Illinois Supreme Court for leave to appeal, both in his direct appeal and in his post-conviction proceeding.

Procedural default, of course, can be overcome by demonstrating cause for the default and prejudice resulting from the default or by showing that a default will result in a fundamental miscarriage of justice. *Guest*, 474 F.3d at 930. To demonstrate cause, a petitioner must point to some objective factor, external to the defense, that impeded his ability to comply with the procedural rule. *Id.* The closest Barajas comes to making an argument that his default should be excused is to claim that the prison library was inadequate. But were the Court to allow such a claim to excuse a petitioner's failure to file with the Illinois Supreme Court for leave to appeal, the procedural default rule would be wiped away; all prisoners must make do with the prison library resources at hand.

The Court finds that Barajas has provided no reason for his failure to seek leave to appeal in his post-conviction proceeding (in which all of his cognizable claims are found), and therefore finds that he has procedurally defaulted his claims. The Court therefore DENIES his petition for relief under § 2254.

IT IS SO ORDERED.

7/30/07
Dated

Hon. William J. Hibbler
United States District Court

3